**UNITED STATES ex rel. Martha CARMONA and Donna Foggie, and all other persons similarly situated, Petitioners,**

v.

**Benjamin WARD, Commissioner of the New York State Department of Correctional Services, et al., Respondents.**

No. 75 Civ. 6219.

United States District Court,
S. D. New York.

April 16, 1976.

Legal Action Center of the City of New York, Inc. by Elizabeth B. DuBois, Risa G. Dickstein, Mark C. Morril, New York City, Paul, Weiss, Rifkind, Wharton & Garrison, New York City [of counsel], by Arthur L. Liman, New York City, Michael Meltsner, New York City [of counsel], Goldman & Hafetz, New York City [of counsel], by

Frederick P. Hafetz, New York City, for petitioners.

Louis J. Lefkowitz, Atty. Gen. by Rhonda Amkraut Bayer, Deputy Asst. Atty. Gen., New York City, for respondents.

Presutti & Leonardo by Leslie A. Bradshaw, Rochester, N. Y., for intervenors [Mosley & McNair].

Washington Square Legal Services, Inc. by Charles D. Terry, E. Judson Jennings, New York City, for intervenor [Fowler].

MEMORANDUM OPINION

MOTLEY, District Judge.

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, Roberta Fowler has moved to intervene in this habeas corpus action which challenges the constitutionality of certain sections of the Penal Law, Criminal Procedure Law, and Correction Law of New York, as amended in 1973, governing the treatment of Class A felony drug offenders. The motion is granted.

Ms. Fowler is presently incarcerated at Bedford Hills Correctional Facility pursuant to a conviction for the sale of .13 grams of a substance containing cocaine, a violation of § 220.39(1) of the New York Penal Law. For this A–III felony, Ms. Fowler was sentenced to a term of four years to life imprisonment. Her conviction was rendered at a jury trial in the County Court for Albany County in February, 1974, and was affirmed by the New York Court of Appeals *sub nom. People v. Broadie,* 37 N.Y.2d 100, 371 N.Y.S.2d 471, 332 N.E.2d 338 (1975).

In her proposed petition for a writ of habeas corpus, Ms. Fowler's principal claim is that the statutory framework for dealing with drug law offenders is violative of her federal constitutional rights under the Eighth and Fourteenth Amendments. While she also argues that the state trial court committed several errors of law which, singly and cumulatively, denied her a fair trial, her principal contentions are very similar to those raised by Ms. Foggie and Ms. Carmona in the original petition in

this action. Under these circumstances, the court is persuaded that there exist common questions of law and fact such as to warrant intervention under Rule 24(b). Moreover, in view of the fact that Ms. Fowler's intervention is unopposed by the initial petitioners and in view of assurances by her counsel, the court is convinced that the addition of Ms. Fowler will not unduly delay or prejudice the adjudication of the rights of the original parties to this action.

### The Mosley-McNair Intervention Petition

■ Larry C. Mosley and Doris McNair have also moved to intervene in this action, and their motion is denied. Mr. Mosley pleaded guilty in Monroe County Court to the A–III felony of criminal sale of a controlled substance (heroin) in the third degree[1] and, after a remand from the New York Court of Appeals, was sentenced to an indeterminate term of one year to life imprisonment, which he is presently serving in the Attica Correctional Facility.

Ms. McNair was found guilty in Monroe County Court of the A–II felony of criminal possession of a controlled substance (heroin) in the second degree[2] and the Class A misdemeanors of criminal use of drug paraphernalia[3] and criminal possession of a hypodermic instrument.[4] Ms. McNair was sentenced to concurrent terms of six years to life on the felony count and one year each on the misdemeanor counts, which she is presently serving in the Bedford Hills Correctional Facility.

Mr. Mosley's and Ms. McNair's cases were consolidated for purposes of appeal. The Appellate Division unanimously reversed the trial court's initial determination—in Mr. Mosley's case—that the Class A classification of drug offenses, the mandatory life sentence, and the mandatory minimum term of imprisonment were unconstitutional. The Appellate Division unanimously affirmed McNair's conviction, upholding the sentencing provisions of the laws in *People v. McNair,* 46 A.D.2d 476, 363 N.Y.S.2d 151 (4th Dept. 1975). The orders of the Appellate Division were affirmed by the New York Court of Appeals *sub nom. People v. Broadie, supra.*

By petitions sworn on July 18 and 16, 1975, respectively, Mr. Mosley and Ms. McNair applied to the United States District Court for the Western District of New York for writs of habeas corpus. After consolidation of the two actions on October 28, 1975, Judge Burke subsequently issued an order dated January 13, 1976, adjourning indefinitely the proceedings pending determination of this motion to intervene.

In their motion to intervene, Mosley and McNair argue that they qualify for intervention under both the mandatory and permissive provisions of Rule 24.[5]

■ In order to qualify for non-statutory intervention of right, the petitioners a) must claim an interest in the transaction which is the subject of the action, b) must be so situated that the disposition of the action may as a practical matter impair or impede their ability to protect that interest, and c) must demonstrate that their interest is not adequately represented by existing parties.[6] Petitioners' intervention argument is premised, first, upon the fact that they—like the original petitioners in this action—have been sentenced under the statutory scheme at issue in this case; and, secondly, upon the similarity of the constitutional challenges in the two actions.

■ At the outset, it appears to the court that petitioners lack an "interest" in the subject matter of this suit such as to justify

---

1. In violation of § 220.39(1) of the New York Penal Law.

2. In violation of § 220.18 of the Penal Law.

3. In violation of § 220.50 of the Penal Law.

4. In violation of § 220.45 of the Penal Law.

5. Sections (a) and (b), respectively. They also invoke the provisions of Rule 23. However, since the original petitioners, by letter of February 13, 1976, have conditionally refrained from moving for class action certification, the court does not consider the provisions of Rule 23 on this motion.

6. Rule 24(a).

their intervention as a matter of right. To warrant intervention, petitioners must, of course, be more than merely "interested" in the litigation. However, the problem of defining the nature of the required interest has been a troublesome one for the courts. As stated by the United States Court of Appeals for the District of Columbia in the leading case of *Nuesse v. Camp* :[7]

> We know of no concise yet comprehensible definition of what constitutes a litigable "interest" for purposes of standing and intervention under Rule 24(a). One court has recently reverted to the narrow formulation that "interest" means "a specific legal or equitable interest in the chose." *Toles v. United States*, 371 F.2d 784 (10th Cir. 1967). We think a more instructive approach is to let our construction be guided by the policies behind the "interest" requirement. We know from the recent amendments to the civil rules that in the intervention area the "interest" test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. [citations omitted]

Applying the very sound reasoning of the *Nuesse* case to the instant situation, this court cannot find that petitioners have an interest cognizable under Rule 24(a). In arguing that they may intervene of right, petitioners assert that they "have a substantial interest in the subject matter of this action: the validity of their life sentences will be decided by this court."[8] Such a statement is not, of course, literally true if this case is not maintained as a class action;[9] any judgment on the constitutionality of the statutes whereby Ms. Carmona and Ms. Foggie are incarcerated would immediately affect them alone. Such a determination would affect Mr. Mosley and Ms. McNair only as legal precedent, in the same way that it would affect any of the hundreds of persons who have been sent to prison pursuant to the statutes which are being attacked in this litigation. To hold that Mosley and McNair, like all these other prisoners, are entitled to intervene of right solely by virtue of their incarceration under the same laws and the similarity of their challenges to the statutes, would be to place an unreasonably broad interpretation on the "interest" required by Rule 24(a). Such a ruling could potentially create litigation of such a complexity that the efficiency contemplated by the rule would be completely defeated.

Mosley and McNair, of course, argued, in the alternative, that they ought to be allowed to intervene under the permissive provisions of Rule 24(b). The latter portion of the Rule provides that "[u]pon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Petitioners argue that "[t]he question of law raised by the applicants is the same as that in the class action:[10] whether the mandatory life sentence and accessory provisions for the possession and sale of controlled substances in New York state are unconstitutional under the 8th and 14th Amendments",[11] and that "[t]he basic questions of fact involved are the same for the applicants as in the class action: all are serving life terms under the N.Y. drug law."[12]

Although neither the legal nor factual issues raised by the intervention petition are identical to those of the petition in the original case, there is clearly a great overlap in the arguments. What the court finds more troublesome is the admonition of Rule 24(b) that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adju-

---

7.  128 U.S.App.D.C. 172, 385 F.2d 694, 700 (1967).

8.  Mosley-McNair intervention petition, ¶ 16.

9.  *See* note 5 *supra.*

10.  This action has not yet, of course, been certified as a class action. *See* note 5 *supra.*

11.  Mosley-McNair intervention petition, ¶ 11.

12.  *Id.*, ¶ 12.

dication of the rights of the original parties." It is true that counsel for the petitioners in the original action have not opposed the instant application to intervene, and it is also true that counsel for intervenors has assured the court that the addition of Mosley and McNair as plaintiffs should in no way delay disposition of the main action, since his brief and petition have already been completed and filed.

However, the court is not convinced that the possibility of prejudice to the original petitioners is insubstantial merely because their counsel have not chosen to oppose this application to intervene. For precisely those reasons which the intervenors cited in support of their argument that the present representation in the main action is inadequate to protect their interests,[13] this court is concerned that there may exist a potentially irreconcilable conflict of interest in litigation strategy between intervenors Mosley and McNair and the original petitioners. Whereas Carmona, Foggie, and Fowler were convicted of cocaine-related offenses, Mosley and McNair were convicted of heroin-related offenses. As the intervenors point out in their brief, "[h]eroin is the drug most feared by the general population, and it is the alleged incurable nature of heroin addiction and consequent alleged inadequacy of rehabilitation programs and prison terms to prevent an alleged high recidivism rate among heroin addicts in particular that has been relied on in large part to sustain the constitutionality of the mandatory life sentences under the drug law."[14] On the other hand, they point out that ". . . cocaine [is] a non-addictive drug with consequent less likelihood of causing its user to be incapable of rehabilitation. . . ."[15]

The original petitioners have not yet submitted to the court their memoranda attacking the constitutionality of the laws in question, and the court does not wish to speculate as to the arguments to be made

therein. However, the court is sufficiently concerned at the potential for divergent legal strategies between the intervenors and the petitioners in the main action, with consequent possible prejudice to the latter, that the court denies Mr. Mosley's and Ms. McNair's application for intervention. They, of course, may prosecute the habeas corpus actions which they have already instituted in the Western District of New York, and may present their arguments in that forum.

Accordingly, Ms. Fowler's petition for intervention is granted and Mr. Mosley's and Ms. McNair's petition is denied.

SO ORDERED.

---

13. Petitioners so argued in connection with their application for intervention of right under Rule 24(a). See pp. 3–5 of their Superceding Memorandum of Law Supporting Motion to Intervene.

14. *Id.*, p. 3.

