**Juan Almaraz RODRIGUEZ**

v.

**Tom RIDGE, Secretary, Department of Homeland Security, et al.**

**No. CV03–3778CBM(RC).**

United States District Court, C.D. California.

Oct. 29, 2003.

Jaime Jasso, Thousand Oaks, CA, for Petitioner.

Kathryn M. Ritchie, Los Angeles, CA, for Respondents.

## PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION FOR INTERVENTION OF MINOR CHILD ERICK RODRIGUEZ

CHAPMAN, United States Magistrate Judge.

On September 24, 2003, Erick Rodriguez, petitioner's minor child, through a guardian ad litem, filed a notice of motion and motion to intervene under Rule 24 and lodged an application to appoint Otoniel Solis (his uncle) as guardian ad litem for the intervention and a complaint in intervention. The Court afforded the proposed intervenor and the parties an opportunity to file supporting or opposing memoranda; however, on October 8, 2003, Erick refiled the previously filed documents. Respondents tardily filed an opposition to the motion on October 28, 2003, and proposed intervenor filed a reply on October 29, 2003.

Oral argument was held before Magistrate Judge Rosalyn M. Chapman on October 29, 2003. Jaime Jasso, attorney-at-law, appeared on behalf of the proposed intervenor and petitioner, and Kathryn M. Ritchie, Assistant United States Attorney, appeared on behalf of respondents.

### BACKGROUND

On May 29, 2003, petitioner Juan Almaraz Rodriguez filed a federal habeas petition under 28 U.S.C. § 2241 challenging respondents' final order removing him from the United States and an application for stay of removal pending adjudication of the merits of the habeas corpus petition. On September 8, 2003, respondents filed an opposition to the habeas corpus petition, and petitioner filed a reply on September 24, 2003. On September 26, 2003, Chief United States District Judge Consuelo B. Marshall granted petitioner's application for a stay of removal pending adjudication of the habeas corpus petition.

### DISCUSSION

Federal Rule of Civil Procedure 24 applies to motions to intervene in habeas corpus petitions. *See,* e.g., *Saldano v. Cockrell,* 267 F.Supp.2d 635, 640–41 (E.D.Tex.2003); *Mir v. Smith,* 521 F.Supp. 446, 447–50 (N.D.Ga.1981); *United States ex rel. Carmona v. Ward,* 416 F.Supp. 276, 277–80 (S.D.N.Y.1976). Rule 24(a)(2) governs a party's application for intervention as of right in the federal courts, *League of United Latin American Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997); *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 817 (9th Cir.2001), and Rule 24(b)(2) provides for permissive intervention by a party.

 Under Rule 24(a)(2), a timely application to intervene shall be permitted:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). However, the party seeking to intervene as of right must meet four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant

must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir.2003), *pet. for cert. filed*, —— U.S. ——, 124 S.Ct. 570, —— L.Ed.2d ——, 72 USLW 3184 (2003); *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir.2002). "Each of these four requirements must be satisfied to support a right to intervene." *Arakaki*, 324 F.3d at 1083.

■ The Court finds the proposed intervenor, who will be referred to as "Erick," has not met his burden to show petitioner does not adequately represent Erick's interests. *See City of Los Angeles*, 288 F.3d at 398 ("The prospective intervenor bears the burden of demonstrating that existing parties do not adequately represent its interests." (citation omitted)); *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822–23 (same). To the contrary, the Court finds Erick's interests are adequately represented by petitioner. In making this finding, the Court has considered the following factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Southwest Ctr. for Biological Diversity*, 268 F.3d at 822; *City of Los Angeles*, 288 F.3d at 398.

■ By his habeas petition, petitioner ultimately seeks cancellation of an order removing him from the United States, so he may remain in the United States with his family, including Erick. Petition, at 23–24. Erick's interest is identical: to prevent petitioner's removal from the United States. "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises[,]" *Arakaki*, 324 F.3d at 1086; *League of United Latin American Citizens*, 131 F.3d at 1305, and "a compelling showing should be required to demonstrate inadequate representation." *Arakaki*, 324 F.3d at 1086. Here, Erick has made no such compelling showing.

Indeed, Erick does not cite even one case allowing intervention by a minor child in similar federal habeas proceedings challenging the removal of a parent. Moreover, Erick does not explain why petitioner is unable to raise the statutory and constitutional challenges he wants to raise, especially since Erick and petitioner are represented by the same law firm. In short, Erick has not demonstrated that his interests are not adequately represented by petitioner, his father, and his motion to intervene as of right should be denied. *See Fritts v. Niehouse*, 604 F.Supp. 823, 827 (W.D.Mo.1984) (wife did not have right to intervene where her and her husband's interests were identical and husband and wife were represented by same law firm), *affirmed by*, 774 F.2d 1170 (8th Cir.1985) (Table).

■ Alternatively, Erick seeks permissive intervention under Rule 24(b)(2), which provides, in part:

> when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application

may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2). Generally, there are three necessary prerequisites for allowing permissive intervention under Rule 24(b)(2):

> (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.

*San Jose Mercury News, Inc. v. U.S. Dist. Court,* 187 F.3d 1096, 1100 (9th Cir.1999); *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir.1998). In addition, other relevant factors to consider include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir.1977).

■ Initially, Erick has failed to satisfy the first prong of the permissive intervention standard because he "asserts no inde-pendent basis for jurisdiction." *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 839 (9th Cir.1996). Erick is seeking to intervene in his father's habeas corpus proceeding. However, an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. It is petitioner, not Erick, who may statutorily seek habeas corpus relief.[1] Nor may Erick act as a "next friend" to his father, who has filed his own habeas corpus petition and does not need a "next friend." *See Whitmore v. Arkansas,* 495 U.S. 149, 163–64, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990) ("[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability."); *Coalition of Clergy, Lawyers, and Professors v. Bush,* 310 F.3d 1153, 1160 (9th Cir.2002) (same), *cert. denied,* —— U.S. ——, 123 S.Ct. 2073, 155 L.Ed.2d 1060 (2003).

■ Furthermore, even if Erick satisfied the necessary prerequisites for permissive intervention, such intervention should be denied because Erick's interests are adequately represented by petitioner. *People of the State of California v. Tahoe Reg'l Planning Agency,* 792 F.2d 775, 779 (9th Cir.1986). For all these reasons, Erick's request to intervene should be denied.

## ORDER

The Court **denies** the motion of Erick Rodriguez, a minor, to intervene in this action and, accordingly, further **denies** Erick's application to appoint Otoniel Solis as

---

1. Erick is a United States citizen, Complaint in Intervention at 2:10–11, and, thus, not sub-ject to removal.

his guardian ad litem and to file a complaint in intervention.

The Clerk of Court **is ordered** to serve this Order on the proposed intervenor and the parties.