Neal VAN AKEN, et al.,
Plaintiffs-Appellants,

v.

Coleman A. YOUNG, et al.,
Defendants-Appellees.

No. 82–1570.

United States Court of Appeals,
Sixth Circuit.

Argued July 31, 1984.

Decided Dec. 13, 1984.

Robert L. Ziolkowski, Detroit, Mich., for plaintiffs-appellants.

Roger E. Craig, James C. Zeman, Sp. Asst. Corp. Counsel (argued), Detroit, Mich., for defendants-appellees.

Before EDWARDS, Circuit Judge, BROWN, Senior Circuit Judge, and DOWD, District Judge.*

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

Plaintiffs in this case are thirty-eight white male applicants for firefighter positions in the Fire Department of the City of Detroit who, in 1977, had been placed on an eligibility list. Defendants are the Mayor of the City of Detroit, the City Personnel Director at the time this action arose, the members of the Detroit Civil Service Commission, and the City of Detroit.

Plaintiffs challenge the affirmative action hiring program inaugurated on October 12, 1977 in the City of Detroit's Fire Department by the Detroit Civil Service Commission. Appellants based their cause of action on the equal protection clause of the fourteenth amendment and 42 U.S.C. §§ 1981, 1983, and 1985, as well as Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; Article I, § 2 of the Michigan Constitution; and the Michigan Fair Employment Act, M.C.L.A. § 423.-301.

The essence of the complaint in this lawsuit is that appellants allege they had been unlawfully and unconstitutionally denied jobs in the Detroit Fire Department (or hired later for such jobs than they should have been) as a result of the voluntary affirmative action program inaugurated by the City of Detroit for the Fire Department in 1977. The case was tried before District Judge Horace Gilmore for three days in October, 1981, and then for thirteen additional days in February, 1982. Not only did Judge Gilmore conduct an extended trial, he also wrote a careful opinion containing a fair statement of the positions of the parties and an accurate analysis of the legal issues and the applicable legal precedent.

We believe his opinion in this case is entirely consistent with *DPOA v. Young,* 608 F.2d 671 (6th Cir.1979), *cert. denied,* 452 U.S. 938, 101 S.Ct. 3079, 69 L.Ed.2d 951 (1981) and *Bratton v. The City of Detroit,* 704 F.2d 878 (6th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 703, 79 L.Ed.2d 168 (1984). The opening paragraph of Judge Gilmore's opinion provides factual background for this case.

> For more than a century, the City of Detroit's Fire Department was, for all practical purposes, the private preserve of white males. No black even served in the Department until 1938, and until the 1970's black representation was minimal. Blacks at the upper level of the Department were non-existent, as were female fire fighters.

Additional facts cited by the District Judge continue for four and one-half printed pages of the volume of Federal Supplement. *See Van Aken v. Young,* 541 F.Supp. 448, 450–454 (E.D.Mich.1982).

Our examination of the record discloses no significant error in Judge Gilmore's recital of the facts and comment on the evidence. In his discussion of the law governing race discrimination, the District Judge recognized that the burden of proof in a race discrimination case remains upon the plaintiff throughout the litigation. The factual predicate of gross racial discrimination established at this trial in our judgment, clearly warrants the District Judge's approval of the Affirmative Action Program of the Fire Department and the Civil Service Commission which is under attack from plaintiffs in this case. *See Van Aken v. Young,* 541 F.Supp. 458–460. We accept the District Judge's findings of fact and conclusions of law as set forth in the opinion which we have referred to.

We must, however, add our assessment of the possible effect on the problems of this case from the U.S. Supreme Court's majority decision in *Firefighters Local Union No. 1784 v. Stotts,* — U.S. ——, 104

---

* Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

S.Ct. 2576, 81 L.Ed.2d 483 (1984) which was decided after our instant case was decided in the District Court.

Concerning *Stotts* we have recently held in *Wygant v. Jackson Board of Education, et al.,* 746 F.2d 1152 at 1157–1158 (6th Cir.1984):

The Supreme Court of the United States has just decided *Firefighters Local Union No. 1784 v. Stotts,* — U.S. ——, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984), and we have considered the possible impact of this decision upon our instant appeal. We conclude that *Stotts* does not require any revision or change of result in the opinion above. The affirmative action plan involved in our instant case was not the product of any court order. It resulted from voluntary decisions in the collective bargaining process between the school board and the bargaining agent for the teachers. We do not read *Stotts* as barring this form of affirmative action.

The majority opinion in *Stotts* specifically declined to decide the issue with which we are confronted. It said:

Finally, the Court of Appeals was of the view that the District Court ordered no more than that which the City unilaterally could have done by way of adopting an affirmative action program. Whether the City, a public employer, could have taken this course without violating the law is an issue we need not decide. The fact is that in this case the City took no such action and that the modification of the decree was imposed over its objection.

— U.S. at ——, 104 S.Ct. at 2590 (footnote omitted).

Nor does the *Stotts* case overrule *United Steelworkers v. Weber,* 443 U.S. 193 [99 S.Ct. 2721, 61 L.Ed.2d 480] (1979). This prior Supreme Court decision was relied upon by the District Court in this case. In *United Steelworkers v. Weber,* the Supreme Court declined to "condemn all private, voluntary, race-conscious affirmative action plans." 443 U.S. at 208 [99 S.Ct. at 2729].

The Detroit Fire Department's and Civil Service Department's actions in our instant case represent another "all voluntary race-conscious affirmative action plan."

Unlike our *Wygant* case, it was *not,* however, achieved in the collective bargaining process. Another distinction between our instant case and *Wygant* is that here we deal with a remedy applied voluntarily by a public employer at the point of hiring. Thus contrary to the facts of *Stotts,* no employees with vested seniority rights were deprived of them.

This court holds that against the long history of the patent racially discriminatory hiring record of the Detroit Fire Department "the voluntary race-conscious affirmative action plan" of the Detroit Fire Department and Civil Service Commission after 1972 did not violate any applicable federal constitutional or statutory provision.

The judgment of the District Court is affirmed.