United States Court of Appeals,

Fifth Circuit.

No. 95-50672.

SIERRA CLUB;  Clark Hubbs, Plaintiffs-Appellees,

v.

Dan GLICKMAN, Secretary, Department of Agriculture;  United States Department of Agriculture, Defendants,

American Farm Bureau Federation;  State of Texas, Movants-Appellants.

May 2, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, JONES and DENNIS, Circuit Judges.

PER CURIAM:

The Sierra Club filed suit against the U.S. Department of Agriculture ("USDA") alleging that numerous of its activities, including the subsidization of and failure to establish conservation programs for farmers in central and western Texas, have led to over-pumping of the Edwards Aquifer.  This over-pumping, the Sierra Club complains, has in turn threatened endangered species and caused water pollution, in violation of numerous federal laws.  The American Farm Bureau Federation ("AFBF"), as the representative of farmers pumping from the Aquifer, and the State of Texas ("State") moved to intervene as of right, or alternatively as of permission, in the Sierra Club's suit.  Fed.Rule Civ.Proc. 24(a), (b).  The district court denied the motions.  We reverse the district court's decision and render judgment granting intervention as of right to the AFBF and the State.

Federal Rule of Civil Procedure 24(a)(2) sets forth the requirements for intervention as of right:  (1) the intervention application must be timely;  (2) the applicant must have an interest relating to the property which is the subject of the action;  (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest;  and (4) the applicant's interest must be inadequately represented by the existing parties.  We review the district court's finding of timeliness for an abuse of discretion and the other requirements *de novo. Sierra Club v. Espy,* 18 F.3d 1202, 1205 & n. 2 (5th Cir.1994).

In the instant case, the district court found the AFBF did not satisfy the requirements for intervention as of right because (1) its members did not have a sufficient interest relating to the Sierra Club's suit; (2) the interests of its members would not be impaired because they will not be bound by the outcome of that suit; and (3) the USDA will adequately represent their interests.[1] We disagree.

First, the AFBF's members do have a sufficient interest to intervene because they are real parties in interest to the Sierra Club's suit. *See League of United Latin American Citizens v. Clements,* 884 F.2d 185, 187 (5th Cir.1989) (applicant can intervene if it is a "real party in interest"). The Sierra Club's complaint targets the farmers' pumping. It alleges that the farmers' pumping constitutes a "substantial threat" to endangered species and public health, in violation of numerous federal laws. The prayer for relief asks the district court, *inter alia,* to enjoin the USDA immediately from expending any funds to the farmers that directly or indirectly support pumping from the Aquifer; to order the USDA to immediately establish land conservation and water utilization programs for the farmers; and to order the USDA to consult with other authorities on the effects on the Aquifer of its programs which assist farmers. Thus the Sierra Club's suit intends to have a direct impact upon the AFBF's members who pump irrigation water from the Aquifer; the proffered violations and remedy confer on AFBF's members a sufficient interest to intervene.

The First Circuit reached the same conclusion in addressing an applicant's interest in intervention under similar circumstances. In *Conservation Law Foundation of New England, Inc. v. Mosbacher,* 966 F.2d 39 (1st Cir.1992), the court held that commercial fishing groups had a sufficient interest to intervene as of right in an environmentalist suit against the U.S. Department of Commerce seeking to force that agency to regulate fishing off the coast of New England. The court explained that "[t]he fishing groups seeking intervention are the real targets of the suit and are the subjects of the regulatory plan. Changes in the rules will affect the proposed intervenors' business,

---

[1]Additionally, the Sierra Club contends the district court abused its discretion in finding the AFBF's and the State of Texas's intervention applications were timely. Interestingly, the Sierra Club argues the applications were untimely because they were made too early, not too late. We reject this argument. The timeliness requirement only bars intervention applications made too late.

both immediately and in the future." *Id.* at 43.

Additionally, the AFBF members have a sufficient interest to justify intervention because the Sierra Club's suit threatens their contracts with the USDA. In *Sierra Club v. Espy,* 18 F.3d 1202 (5th Cir.1994), the Fifth Circuit held that timber purchasers' organizations were entitled to intervene as of right in a suit by the Sierra Club against the U.S. Forest Service seeking to ban even-aged logging practices in East Texas. The court explained the timber purchasers had "legally protectable property interests in existing timber contracts that are threatened by the potential bar on even-aged management." *Id.* at 1207. In the instant case, the AFBF's members have existing subsidy contracts with the USDA and are entitled to enter into subsidy contracts in the future.[2] The Sierra Club's suit potentially interferes with these contractual rights. Ultimately, the suit expressly seeks to enjoin the USDA from granting subsidies to farmers pumping from the Aquifer. In the short term, the Sierra Club's sought relief of forcing the USDA to consult with other federal agencies would result in a ninety-day suspension of the farmers' existing subsidy contracts.

Second, we reject the district court's contention that the AFBF's members are not impaired by non-intervention because they will not be bound by the outcome of the Sierra Club's suit. The Fifth Circuit has held that the *stare decisis* effect of an adverse judgment constitutes a sufficient impairment to compel intervention. *Espy,* 18 F.3d at 1207. In the instant case, a ruling in the Sierra Club's favor could be relied upon as a precedent in suits against individual farmers over their pumping from the Aquifer. Thus, the Sierra Club's suit may, as a practical matter, impair or impede the AFBF members' interests.

Third, we disagree with the district court that the USDA will adequately represent the AFBF members' interests. As the Fifth Circuit explained in *Espy, supra,* "[t]he government must represent the broad public interest, not just the economic concerns of [one] industry." 18 F.3d at 1208. For this reason alone, the interests of AFBF members will not necessarily coincide, even though, at this point, they share common ground. AFBF has more flexibility, however, in advocating its position,

---

[2]The recently enacted Freedom to Farm Act entitles farmers to enter into subsidy contracts for the next seven years. H.R. 2854, 104th Cong., 1st Sess. (1996) (signed by President Clinton on April 4, 1996).

because the federal government is bound by a prior court judgment that pumping from the Aquifer "takes" endangered species; the AFBF intends to refute that finding. In sum, the AFBF has met the requirements to intervene as of right.

Likewise, the district court erred in denying intervention as of right to the State of Texas. Initially, we disagree with the district court that the State does not have a sufficient interest related to the Sierra Club's suit. To the contrary, the State has established a special commission, the Edwards Aquifer Authority, to manage the Aquifer's use. 1993 Tex.Sess.Law Serv. Ch. 626 (Vernon's). The Sierra Club's desire to use this lawsuit to force the USDA to establish programs limiting agricultural pumping directly interferes with the commission's statutory authority. Also, the Texas Department of Agriculture has established programs providing loan guarantees and other financial assistance to farmers, including those who pump from the Aquifer. If Sierra Club succeeds in cutting off USDA subsidies and in forcing the USDA to limit agricultural pumping from the Aquifer, the judgment will directly interfere with the State's ability to run its agricultural programs. Additionally, the State has an interest in maintaining the agricultural industry in central Texas and in representing the 1.5 million users of the Aquifer.

The district court also erred in concluding that the USDA would adequately represent the State's interests. The USDA is legally obliged to represent the interests of all U.S. citizens. *See Espy,* 18 F.3d at 1208. The State of Texas has a narrower but independently vital interest in representing its residents, maintaining its agricultural industry, and allocating its natural resources.

Finally, we reject the district court's ruling that the AFBF does not meet the requirements for associational standing. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977) (setting forth requirements for associational standing). First, the AFBF's members have standing to intervene individually in the Sierra Club's suit; we have held above that the farmers have sufficient interests related to the Aquifer and the USDA's subsidies. Second, the interests the AFBF is seeking to protect are germane to the organization's purpose. That not all AFBF members support intervention is not dispositive. The AFBF has standing to sue if only a few members support it. *Playboy Enterprises, Inc. v. Public Serv. Comm'n,* 906 F.2d 25, 34 (1st

Cir.), *cert. denied sub nom. Cruz v. Playboy Enterprises, Inc.,* 498 U.S. 959, 111 S.Ct. 388, 112 L.Ed.2d 399 (1990).

In conclusion, the district court misapprehended the law governing intervention of right and so misused his discretion by withholding intervention from AFBF and the State of Texas. The judgment of the district court is REVERSED and judgment is RENDERED granting the AFBF and the State of Texas intervention as of right. The case is REMANDED for further proceedings.