# United States Court of Appeals
## For the First Circuit

No. 00-1056

WINIFRED N. COTTER, ET AL.,

Plaintiffs, Appellees,

v.

MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS,
DENNIS A. WHITE and HAROLD WHITE,

Proposed Intervenors, Appellants.

———————

CITY OF BOSTON, JAMES J. HARTNETT, JR.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Stahl and Lipez,

Circuit Judges.

Rheba Rutkowski with whom Jonathan M. Albano, Bingham Dana LLP, and Grace M. Jones, Lawyers Committee for Civil Rights Under Law of the Boston Bar Association, were on brief for proposed intervenors, appellants.

Michael C. McLaughlin with whom Law Offices of Michael C. McLaughlin was on brief for plaintiffs, appellees.

July 17, 2000

BOUDIN, <u>Circuit Judge</u>.  On May 21, 1999, Winifred Cotter and seven other white officers of the Boston Police Department brought an action under section 1983, 42 U.S.C. § 1983, alleging that plaintiffs' constitutional rights to equal protection were violated by the promotion to sergeant of three black officers of the Boston Police Department.  The plaintiffs and the three promoted officers all scored 84 on a promotional exam administered in October 1996.  The complaint alleged that the three minority officers were promoted to sergeant for the purpose of maintaining or increasing minority representation among sergeants and that the eight plaintiffs were excluded from promotion because they were white.

The complaint cited various police department documents that plaintiffs say evidence a preoccupation with race in the decision to promote the three minority officers and not the plaintiffs, but defendants' answer disputes the inferences to be drawn.  The relief sought in the complaint is an order of the court requiring that the plaintiffs be promoted to the sergeant position, retroactive to December 12, 1997, that plaintiffs be awarded damages, including but not limited to wages and benefits

-2-

that would have been earned if promotion had occurred in a timely manner, and that plaintiffs be awarded attorney's fees.

At this stage the merits are not before us. Rather, the only issue presented on this appeal is whether the minority officers who were promoted are entitled to intervene as of right and whether intervention as of right should also be allowed to the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO"). The chronology of the case and history of the intervention effort are as follows.

The complaint was amended on July 29, 1999, limiting the defendants to the City of Boston and James Hartnett, Jr., who heads a Commonwealth office involved in personnel matters. In August 1999, Hartnett moved for dismissal of the claims against him on the ground that he was not responsible for the promotion decision. When the district court denied the motion to dismiss in October 1999, Cotter v. City of Boston, 73 F. Supp. 2d 62 (D. Mass. 1999), Hartnett moved to certify to the Massachusetts Supreme Judicial Court questions of law concerning his authority. In this same period, two of the three black officers promoted to sergeant--Dennis White and Harold White-- moved to intervene as of right as defendants in the case, as did MAMLEO.

The plaintiffs objected to the intervention, while the defendants acquiesced in it. In a two-sentence margin order entered on November 23, 1999, the district court denied the intervention motion but gave MAMLEO the right to file amicus briefs. Shortly thereafter, the district court set a discovery deadline of September 30, 2000. On December 30, 1999, an appeal was filed to this court by the two sergeants and MAMLEO. We refused to grant a stay of proceedings in the district court but expedited this appeal.

The denial of intervention claimed as of right is immediately appealable, Flynn v. Hubbard, 782 F.2d 1084, 1086 (1st Cir. 1986), but plaintiffs object to our consideration of the appeal, arguing that none of the would-be intervenors can demonstrate Article III standing. The parties argue in their briefs about whether intervenor-defendants are required to show standing, an issue on which the Supreme Court has reserved judgment, Diamond v. Charles, 476 U.S. 54, 68-69 (1986). Fortunately, there is no need to grapple with this question here.

Under Article III, a critical ingredient for standing is that a party have a concrete stake in the outcome of a dispute that is otherwise fit for resolution by the courts. Valley Forge Christian College v. Americans United for

<u>Separation of Church and State, Inc.</u>, 454 U.S. 464, 472 (1982). Consonantly, absent a statutory basis for intervention, an applicant seeking to intervene as of right must show that

> the applicant claims <u>an interest relating to the property or transaction which is the subject of the action</u> and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2) (emphasis added). Thus, in the ordinary case, an applicant who satisfies the "interest" requirement of the intervention rule is almost always going to have a sufficient stake in the controversy to satisfy Article III as well. See <u>Transamerica Ins. Co.</u> v. <u>South</u>, 125 F.3d 392, 396 n.4 (7th Cir. 1997).

Standing is an immensely complicated set of doctrines, Chemerinsky, <u>Federal Jurisdiction</u> § 2.3, at 56-57 (3d ed. 1999), and it may be that there are unusual cases where an intervenor could satisfy the interest requirement of Rule 24(a)(2) without having the stake in the controversy needed to satisfy Article III. Here, no peculiar circumstances of this kind are urged. Accordingly, we see no reason to concern ourselves with the abstract question whether an intervenor-defendant must show some separate form of standing. We therefore turn to the question

whether the applicants do satisfy the various requirements for intervention as of right, prefacing this inquiry with a brief reference to the standard of review.

On appeal from the denial of intervention as of right, it is commonly said that review of the district court decision is for "abuse of discretion," but this may be a misleading phrase. Decisions on abstract issues of law are always reviewed de novo; and the extent of deference on "law application" issues tends to vary with the circumstances, see Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 16 (1st Cir. 1996). In all events, Rule 24(a)(2)'s explicit standards "considerably restricts the [district] court's discretion." See International Paper Co. v. Inhabitants of the Town of Jay, Maine, 887 F.2d 338, 344 (1st Cir. 1989) (quoting Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 382 n.1 (1987) (Brennan, J., concurring)).

The applicants for intervention cite to us authority from other circuits that where (as here) the district judge makes no findings and gives no reasons, review of denial of intervention should be de novo, League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997); Edwards v. City of Houston, 78 F.3d 983, 1000 (5th Cir. 1996) (en banc). This court has not followed this approach, International Paper,

887 F.2d at 343-44, because in many situations, the district court's findings or reasons can be reasonably inferred.  See United States v. Owens, 167 F.3d 739, 743 (1st Cir.), cert. denied, 120 S. Ct. 224 (1999).  If they cannot be inferred, then there is nothing to which to give deference.

Turning to the merits, the central question whether what an applicant for intervention is claiming is "an interest relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a)(2), is peculiarly difficult to answer.  The drafters may very well have had in mind a rather concrete common law interest, such as an applicant's ownership claim to a piece of property in dispute between two other parties, but Supreme Court cases have expanded the notion without setting any very firm limits.  Daggett v. Commission on Governmental Ethics & Election Practices, 172 F.3d 104, 110 (1st Cir. 1999).  The doctrinal "rules" are so general as to provide very little help, see 7C Wright, Miller & Kane, Federal Practice and Procedure § 1908 (2d ed. 1986 & Supp. 2000), and the diversity of facts and interests that may be affected by litigation  today is so broad as to make any simple formula difficult, if not impossible, to contrive.

Here, the question whether the two applicant sergeants claim an "interest relating to the property or transaction which

is the subject of the action" seems to us relatively easy to answer. In substance, the complaint challenges the validity of their promotions: it says that they were impermissibly preferred in advancement, and the plaintiffs excluded, on racial grounds. This amounts to saying that their promotions were based on an unconstitutional decision or process, and to say that an officer has no interest in defending his own promotion would be to defy common sense.

Admittedly, the plaintiffs have not asked that the promotions be voided and the contest begun again; instead, the plaintiffs would naturally prefer promotion for themselves with back pay. But the plaintiffs do not make the final decision as to what relief should be afforded if the district court does find a constitutional violation. There are cases enough where, in the employment context, courts have undone hiring or promotion decisions tainted by wrongful motives or practices. E.g., Jones v. Rivers, 732 F. Supp. 176, 179 (D.D.C. 1990).

The second question posed by the intervention rule--whether the intervention applicants' ability to protect their interest "may" be "impair[ed] or impede[d]" if they are not allowed to intervene, Fed. R. Civ. P. 24(a)(2)--is also easily answered. A case can exist in which a party might have an interest in the property or transaction but might be so situated

that the interest could not be affected by the outcome; but here, for reasons already indicated, even a small threat that the intervention applicants' present promotions could be jeopardized would be ample reason for finding that their ability to protect their interest "may" be adversely affected.[1]

Ordinarily, the most difficult issue in cases of this kind is the third requirement, namely, that the applicant's interest will not be "adequately represented by existing parties." Where the applicant seeks to intervene as a defendant and the existing defendant is a governmental entity, this court and a number of others start with a rebuttable presumption that the government will defend adequately its action, e.g., Daggett, 172 F.3d at 111. This is so even if the governmental defendant itself consents to intervention, Public Serv. Co. v. Patch, 136 F.3d 197, 208 (1st Cir. 1998); there are other interests at stake, including the court's own concern in efficiently managing litigation.

The applicants for intervention urge that the presumption should not extend to cases in which the government is defending in a proprietary capacity. In support of this

---

[1]Grutter v. Bollinger, 188 F.3d 394, 399 (6th Cir. 1999); Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs., 60 F.3d 1304, 1307-08 (8th Cir. 1995); United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 984 (2d Cir. 1984).

proposition, they cite statements by courts of appeals of two other circuits, Mausolf v. Babbitt, 85 F.3d 1295, 1303 (8th Cir. 1996), and Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996).  However, in a situation such as the present one, in which the government is being sued, the presumption rests primarily on the premise that the government as an institution is likely to do an adequate job of defending its own conduct. See Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Comm'n, 197 F.3d 560, 566-67 (1st Cir. 1999), cert. denied, 120 S. Ct. 1846 (2000).  This may be equally true whether one categorizes the government as acting in a sovereign or in a proprietary capacity--a line itself not always easy to draw, as this case itself suggests.  In our view, it is enough to say that the nature of the government's interest is simply a possible factor in deciding whether the applicant's interest would be adequately represented by the government agency.

In this case, enough likelihood of conflict or divergence of interest exists to defeat any claim that "the applicant's interest is adequately represented by existing parties," Fed. R. Civ. P. 24(a)(2).  The applicants for intervention have expressed an intention to defend the use of racial criteria, assuming that they were used, as a proper remedial measure, both as a remedy for the past discrimination

by the Boston Police Department and as a counter to the alleged deficiencies in its <u>current</u> tests.  While the Boston Police Department is likely to adopt the first line of defense (Def.'s Answer, 9th Aff. Def.), there is ample reason for it to resist a defense premised on a showing that its tests are currently in violation of law.

A closely related and more difficult issue, not discussed by the parties, is the extent to which an intervenor-defendant can enlarge the issues in the case beyond those that the original plaintiff and defendant wish to litigate.  This is a matter fraught with difficulty,[2] and we decline to take a position on it in the abstract and without the benefit of briefing.  However, the intervention issue must be decided now; and there is enough likelihood of conflict or divergence between

---

[2]The traditional sense was that a court could not impose conditions on an intervention as of right.  7C Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1922, at 505 (2d ed. 1986).  However, the 1966 Amendment to Federal Rule of Civil Procedure 24(a) may have changed this rule.  <u>Id.</u>; <u>see also</u> Fed. R. Civ. P. 24(a) advisory committee's note.  District courts have frequently imposed such conditions, and courts of appeals have sometimes embraced them, <u>Beauregard, Inc.</u> v. <u>Sword Servs. LLC</u>, 107 F.3d 351, 352-53 (5th Cir. 1997); <u>Southern</u> v. <u>Plumb Tools</u>, 696 F.2d 1321, 1322 (11th Cir. 1983), but courts of appeals have commonly reserved the issue, leaving the extent to which such conditions may be imposed unclear, <u>e.g.</u>, <u>Columbus-America Discovery Group</u> v. <u>Atlantic Mut. Ins. Co.</u>, 974 F.2d 450, 469-70 (4th Cir. 1992), <u>cert. denied</u>, 507 U.S. 1000 (1993).  <u>See</u> Wright, Miller & Kane, <u>supra</u>, § 1922 (2d ed. 1986 & Supp. 2000).

-11-

the intervention applicants and the named defendants to overcome the final adequate-representation proviso.

The more difficult and far-reaching question on this appeal is whether MAMLEO is entitled to intervene as of right. It does not in this instance claim that its "property or transaction" is involved, and its claims must therefore be tested, under well-settled precedent, by asking whether its <u>members</u> have the kind of stake necessary for intervention individually. <u>See</u>, <u>e.g.</u>, <u>Sierra Club</u> v. <u>Glickman</u>, 82 F.3d 106, 108-09 (5th Cir. 1996). If so, and assuming (as we do here) that it is part of MAMLEO's function to represent the relevant members' interests in matters of this kind and that the members' own participation is not essential, then MAMLEO too has the necessary stake in the outcome and a good chance of showing that absent intervention, disposition of the case "may as a practical matter impair or impede" the protection of that interest.[3]

MAMLEO stresses at the outset its long and distinguished history of representing officers of the Boston

---

[3]Interestingly, the test described above originated as a three-part test for the "standing" of organizations, <u>Hunt</u> v. <u>Washington State Apple Adver. Comm'n</u>, 432 U.S. 333, 341-43 (1977), but has since been used interchangeably as a test both for organizational standing and for an organization's right to intervene. <u>E.g.</u>, <u>Sierra Club</u>, 82 F.3d at 110; <u>Equal Employment Opportunity Comm'n</u> v. <u>Nevada Resort Ass'n</u>, 792 F.2d 882, 885 (9th Cir. 1986).

Police Department, including its role as a class representative in procuring a consent decree in 1980 that included affirmative action goals and timetables for promotion to sergeant.[4] These credentials indicate that MAMLEO's participation would be useful and well-informed, as the district court recognized in granting MAMLEO amicus status, but a historical connection by itself is not the same thing as "an interest [of MAMLEO's members] relating to the property or transaction which is the subject of the action," Fed. R. Civ. P. 24(a)(2). And while in some cases courts have allowed MAMLEO to intervene, we cannot find any direct discussion in our own cases that addresses the precise issue now before us.

The issue turns, it seems to us, on whether MAMLEO members who were not involved in this particular "promotion to sergeant" sequence still have enough of a stake in the outcome of this case to satisfy the "interest" provision of the intervention rule. Civil rights litigation involving race, and

---

[4]See Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, Civ. No. 78-529-McN (D. Mass. Sept. 16, 1980) (consent decree); see also Boston Police Superior Officers Fed'n v. City of Boston, 147 F.3d 13 (1st Cir. 1998); Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 973 F.2d 18 (1st Cir. 1992); Stuart v. Roache, 951 F.2d 446 (1st Cir. 1991), cert. denied, 504 U.S. 913 (1992); Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 780 F.2d 5 (1st Cir. 1985), cert. denied, 478 U.S. 1020 (1986); Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 106 F.R.D. 80 (D. Mass. 1985).

especially cases involving employment, do not always neatly fit the model of a discrete common law action between a plaintiff and a defendant. Rather, although the case may be sparked by a particular episode, the decision may be likely to control an ongoing process within the department or agency for formulating rules for advancement and so predictably affect the interests of others who are already employed by the same institution and who will in turn be seeking advancement.

Assuredly, a number of MAMLEO's current officer members are going to seek promotion to sergeant. Judged in the most practical terms, the outcome of this case may very well determine how the Boston Police Department handles, and is allowed to handle, comparable situations almost certain to arise in the future, and the likely impact on other MAMLEO members seems to us substantial, predictable and far more concrete than some general interest in precedent. Obviously, we are concerned here with matters of degree and a particular fact pattern; but the ultimate issue is pinning a legal label on those facts. On the admitted or obvious facts, MAMLEO seems to us to have enough to satisfy the "interest" requirement of the intervention rule.

Our prior discussion shows that MAMLEO also satisfies the other two requirements of Rule 24(a)(2). If plaintiffs prevail and as a result the Boston Police Department is

constrained to ignore race entirely in all future promotions, other MAMLEO members may well lose promotion opportunities. Similarly, the potential conflict between MAMLEO and the Boston Police Department on how best to defend the consideration of race in promotions is enough to show that the interest of MAMLEO members is not "adequately represented by existing parties," Fed. R. Civ. P. 24(a)(2).[5]

The order denying intervention is <u>vacated</u> and the matter is <u>remanded</u> to the district court with directions to allow intervention as of right to the three applicants. Each side will bear its own costs on this appeal. The plaintiffs' motion for damages, costs and attorney's fees is <u>denied</u>.

<u>It is so ordered</u>.

---

[5]This does not mean that any other MAMLEO member is entitled to intervene as of right. If MAMLEO intervenes, it is hard to see how such an officer, whose own promotion is not immediately at stake, could avoid the "adequately represented" bar.