324 F.3d 1078
 Earl F. ARAKAKI; Evelyn C. Arakaki; Sandra P. Burgess; Edward U. Bugarin; Patricia A. Carroll; Robert M. Chapman; Brian L. Clarke; Michael Y. Garcia; Toby M. Kravet; Thurston Twigg-Smith; Roger Grantham; James I. Kuroiwa, Jr.; Frances M. Nichols; Donna Malia Scaff; Jack H. Scaff; Allen H. Teshima, Plaintiffs-Appellees, and
Josiah L. Hoohuli; Patrick L. Kahawaiolaa; Virgil E. Day; Samuel L. Kealoha, Jr., Intervenors-Appellants, and
Maui Loa, Intervenor,
v.
Benjamin J. CAYETANO, in his official capacity as the Governor of the State of Hawaii; United States of America, Defendants, and
Neal Miyahira, in his official capacity as Director of the Department of Budget and Finance of the State of Hawaii; Glenn Okimoto; Gilbert Coloma-Agaran; James J. Nakatani; Seiji Naya; Brianminaai; Haunani Apoliona; Rowena Akana; Donald G. Cataluna; Linda Dela Cruz; Clayton Hee; Colette Y. Machado; Charles Ota; Oswald Stender; John D. Waihee, IV; Raynard C. Soon; Wanda Mae Agpalsa; Henry Cho; Thomas P. Contrades; Rockne Freitas; Herring Kalua; Milton Pa; John A.H. Tomoso, Defendants-Appellees, and
Anthony Sang, Sr.; Hui Kako'o Aina Ho'Opulapula; Blossom Feiteira; Dutchy Saffery; State Council of Hawaiian Homestead Association, Defendants-Intervenors-Appellees.
 No. 02-16269.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 14, 2003.
 Filed March 31, 2003.
 Amended May 13, 2003.
 
 COPYRIGHT MATERIAL OMITTED Walter R. Schoettle and Emmett E. Lee Loy, Honolulu, HI, for the appellants.
 Charleen M. Aina, Deputy Attorney General, Sherry P. Broder, Robert G. Klein, McCorriston, Miller, Mukai, MacKinnon, LLP, Honolulu, HI, for the defendants.
 Appeal from the United States District Court for the District of Hawaii; Susan Oki Mollway, District Judge, Presiding. D.C. No. CV-02-00139-SOM(KSC).
 Before: HUG, ALARCÓN, and GRABER, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Josiah Hoohuli and other native Hawaiians (collectively "Hoohuli") seek to intervene in a lawsuit challenging the provision of benefits by the Office of Hawaiian Affairs ("OHA"), the Department of Hawaiian Home Lands ("DHHL"), and the Hawaiian Homes Commission ("HHC") to native Hawaiians[1] and Hawaiians.[2] Hoohuli, lessees of Hawaiian homestead lands or applicants for such leases, seek intervention on the grounds that they have an interest in continuing to receive benefits as native Hawaiians, and an interest to stop the provision of benefits to Hawaiians by limiting the eligibility to only native Hawaiians.
 
 
 2
 We address whether the district court erred in denying Hoohuli's motion to intervene as a matter of right.
 
 
 3
 * On March 4, 2002, Plaintiffs Arakaki et al. (collectively "Plaintiffs") filed a civil action against the State of Hawaii and various state agencies, challenging the constitutionality of race-based privileges. This suit follows closely on the heels of the Supreme Court's recent Rice v. Cayetano decision, which held that limiting voter eligibility to elect the trustees to the OHA to members of the racial classifications Hawaiian and native Hawaiian violated the Fifteenth Amendment. 528 U.S. at 499, 120 S.Ct. 1044.
 
 
 4
 Plaintiffs challenge the exclusive benefits given to Hawaiians and native Hawaiians by the OHA, the HHC, and the DHHL. Plaintiffs allege the provision of such benefits is racially discriminatory and violates the Equal Protection clauses of the Fifth and Fourteenth Amendments. They also allege that, as beneficiaries of § 5(f) of the Hawaii Admission Act's public land trust, the State and HHC/DHHL discriminate against them, which constitutes a breach of trust. Pub. L. 86-3, 73 Stat. 4, § 5(f) (1959) ("Admission Act"). Plaintiffs asserted standing as taxpayers, and as beneficiaries of the public land trust established by Congress in § 5(f).
 
 
 5
 On March 18, 2002, the district court granted proposed defendants-intervenors State Council of Hawaiian Homestead Association ("SCHHA"), and Anthony Sang, Sr.'s ("Sang") Motion to Intervene. The SCHHA is an organization of native Hawaiian HHC homestead lessee associations; Sang is a lessee.
 
 
 6
 On March 25, 2002, Hoohuli filed its motion to intervene. Hoohuli alleged two interests justifying intervention: (1) to ensure continued receipt of benefits for native Hawaiians; and (2) to limit the class of eligible beneficiaries to only native Hawaiians, at the exclusion of the broader Hawaiian class. Additionally, Hoohuli sought to raise as a defense to its receipt of benefits that, absent discrimination by the United States, it should be entitled to tribal status, and its benefits scrutinized under rational basis review pursuant to Morton v. Mancari, 417 U.S. 535, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). A magistrate judge denied this motion on May 2, 2002. Hoohuli timely appealed to the district court.
 
 
 7
 On May 8, 2002, the district court dismissed for lack of standing Plaintiffs' breach of the public land trust claims. It ruled that Plaintiffs' claim for relief, invalidating the stated purpose of § 5(f), rather than alleging an actual breach of the trust created by § 5(f), amounted to a generalized grievance. Since Plaintiffs were not proceeding on the basis of any direct injury, they lacked standing to complain. The district court held that the only claims remaining were Plaintiffs' equal protection challenges asserted as taxpayers against the direct expenditures of tax revenues by the legislature. Plaintiffs' motion for reconsideration of this order was denied on June 18, 2002. Plaintiffs have not appealed this order to the Ninth Circuit.
 
 
 8
 On June 13, 2002, the district court denied Hoohuli's motion to intervene, both as a matter of right and permissively. The district court first held that since Plaintiffs' public land trust claims were dismissed, Hoohuli had no significantly protectable interest in those claims at this time. The district court ruled that Hoohuli's intervention to assert additional claims of breaches of public land trusts, specifically that benefits should be limited to only native Hawaiians, was not raised by existing parties and clearly separable from Plaintiffs' remaining equal protection challenge. The district court also noted that nothing prevented Hoohuli from filing its own breach of trust suit against the State to claim benefits should be allocated to only native Hawaiians.
 
 
 9
 Next, the district court addressed Hoohuli's motion to intervene in Plaintiffs' equal protection claims. The district court observed that Hoohuli had a significantly protectable interest in the manner in which its tax dollars are used. A ruling in Plaintiffs' favor would impair Hoohuli's interest in the continued receipt of homestead leases. Hoohuli's interest in limiting benefits to native Hawaiians, however, was not encompassed by the issues before the court. Additionally, Hoohuli failed to demonstrate that the State defendants would not adequately represent their interests. The court ruled that Defendants and Hoohuli have the same ultimate objective, and that to date, Defendants have demonstrated that they will vigorously oppose Plaintiffs' challenges to the provision of benefits to native Hawaiians. The court rejected Hoohuli's proffered justification that Defendants are inadequate because they will not argue as a defense that the Department of the Interior is engaging in unconstitutional race discrimination by excluding native Hawaiians in the definition of "Indian tribe."
 
 
 10
 The district court denied Hoohuli's request for permissive intervention because it sought to interject new issues into this action beyond the scope of Plaintiffs' claims. Hoohuli's participation would unnecessarily complicate the litigation, and existing Defendants, including native Hawaiian lessees, would vigorously seek to uphold the provision of these benefits.[3]
 
 
 11
 Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1291.
 
 II
 
 12
 The district court's decision regarding intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) is reviewed de novo. Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir.2001).
 
 III
 
 13
 Rule 24 traditionally receives liberal construction in favor of applicants for intervention. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir.1998). Courts are guided primarily by practical and equitable considerations. Id.
 
 
 14
 Rule 24(a)(2) gives a person the right to intervene:
 
 
 15
 [u]pon timely application ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 16
 Fed.R.Civ.P. 24(a)(2).
 
 
 17
 A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. Donnelly, 159 F.3d at 409. Each of these four requirements must be satisfied to support a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir.1997).
 
 
 18
 When a plaintiff's action is narrowed by court order, the court may consider the case as restructured in ruling on a motion to intervene. United States v. City of Los Angeles, 288 F.3d 391, 399 (9th Cir.2002).
 
 A. Public Land Trust Beneficiary Claim
 
 19
 Hoohuli seeks to intervene to support in part and to challenge in part Plaintiffs' public land trust beneficiary claim created by § 5(f) of the Admission Act. Hoohuli joins in the view that provision of leasehold benefits to Hawaiians is illegal, but believes that providing benefits to native Hawaiians does not breach § 5(f) of the Act.
 
 
 20
 Assuming Hoohuli timely filed its motion to intervene, intervention is nevertheless inappropriate for the public land trust beneficiary claim. Rule 24(a) requires an applicant to demonstrate a significantly protectable interest relating to the property or transaction that is the subject of the action. Donnelly, 159 F.3d at 409. Here, Plaintiffs' § 5(f) public trust claim has been dismissed by the district court and not subsequently appealed before this Court. Because this trust claim is no longer the subject of Plaintiffs' action, intervention is inappropriate as a matter of right.
 
 
 21
 We offer no comment on Hoohuli's option of filing its own § 5(f) breach of trust suit against the State to raise the claim that benefits should be restricted to native Hawaiians. We only hold that intervention is not necessary when the litigation will not impair or impede the applicant's ability to protect its interests because the claim is no longer a subject of the plaintiff's action. Donnelly, 159 F.3d at 409.
 
 B. Equal Protection Claim
 
 22
 Hoohuli seeks to intervene as of right to address Plaintiffs' equal protection claims challenging the expenditure of tax revenues for programs that benefit only Hawaiians and native Hawaiians.
 
 1. Timeliness
 
 23
 All parties concede that Hoohuli timely filed its motion to intervene. The district court did not abuse its discretion by finding Hoohuli's motion, filed three weeks after the filing of Plaintiffs' complaint, timely. Southwest Ctr., 268 F.3d at 817.
 
 2. Significantly Protectable Interest
 
 24
 The requirement of a significantly protectable interest is generally satisfied when "the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir.1993). The applicant must satisfy each element. Donnelly, 159 F.3d at 410. "An applicant generally satisfies the `relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Id.
 
 
 25
 The Supreme Court has yet to provide any clear definition of the nature of the "interest relating to the property or transaction which is the subject of the action." 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1908, at 21 (Supp. 2002). Wright suggests the term "significantly protectable interest" has not been a term of art in the law, and sufficient room for disagreement exists over the meaning of the term. Id.
 
 
 26
 Hoohuli claims that the district court found, as it was compelled to do under Price v. Akaka, 928 F.2d 824, 826-27 (9th Cir.1990), that it had a protectable interest in the subject of the action. In Price, plaintiffs filed a § 1983 claim against the State of Hawaii, alleging that OHA managed income derived from § 5(b) lands for purposes not provided in § 5(f) on the Admission Act. Id. at 826. Section 5(f) lists various purposes for the trust lands and the income derived therefrom. The district court dismissed plaintiffs' suit for lack of subject matter jurisdiction and failure to state a claim. Id. This Court reversed, holding that plaintiffs, as beneficiaries of the § 5(f) trust, had standing to enforce the spending provisions of § 5(f). Plaintiffs demonstrated an injury in fact through the trustees' expenditure of income on purposes not specified by § 5(f). Id. Allowing plaintiffs to enforce § 5(f) was also consistent with common law trusts. Id. at 827. This Court additionally held that subject matter jurisdiction was appropriate and the Eleventh Amendment did not bar the suit. Id. at 827-28.
 
 
 27
 Hoohuli's reference to Price does not advance its motion to intervene. Price does not justify intervention, but rather provides authority for standing to a beneficiary seeking to enforce the § 5(f) provisions of the Admission Act. In other words, Hoohuli may rely upon Price to support an independent suit as a beneficiary challenging the provision of benefits to Hawaiians under § 5(f). Hoohuli's standing for a collateral suit under Price, however, does not alone justify a Rule 24(a) right to intervene in any § 5(f) breach of trust or equal protection litigation. Instead, to successfully intervene as of right in a pending case, Hoohuli must satisfy the four Donnelly requirements.
 
 
 28
 We agree with the district court that Hoohuli has a significantly protectable interest in the manner in which its tax dollars are used, specifically a continued receipt of benefits. Hoohuli, as lessees of Hawaiian homestead lands or applicants for such leases, have a stake in the outcome of Plaintiffs' equal protection challenge. Consequently, Hoohuli's protectable interest in the continued receipt of benefits supports intervention.
 
 
 29
 Hoohuli also asserts an interest in limiting the class of beneficiaries to native Hawaiians. In order to intervene on this basis, Hoohuli must demonstrate a relationship between its interests and the claims raised by Plaintiffs. Sierra Club, 995 F.2d at 1484.
 
 
 30
 Here, Hoohuli does not adequately demonstrate a relationship between its dilution interest and the claims raised by Plaintiffs. Plaintiffs claim the provision of benefits from the OHA, HHC, and DHHL is racially-based and violates equal protection, and make no distinction between the grant of benefits to Hawaiians and native Hawaiians. Hoohuli's interests, on the other hand, are twofold: continuing to receive benefits, and preventing the dilution of benefits by limiting eligibility to only native Hawaiians. The district court held that Hoohuli's interest in preventing dilution of benefits went beyond the claims at issue. We agree.
 
 
 31
 Hoohuli asserts that the district court misinterpreted Portland Audubon Society v. Hodel, 866 F.2d 302 (9th Cir.1989), to reject Hoohuli's interest in the litigation as unrelated to the interests presented by either party. Hoohuli correctly observes this Circuit clarified the holding of Portland Audubon in Sierra Club. In Sierra Club, this Court distinguished Portland Audubon by broadening the scope of a "protectable interest" to include rights that are generally protected by law, and not only those interests protected by the statute under which the litigation is brought. Sierra Club, 995 F.2d at 1484.
 
 
 32
 Hoohuli's analysis is misplaced. First, a small technical matter: nowhere in the district court's order does it cite Portland Audubon. Rather, the district court cites Sierra Club, 995 F.2d at 1484, as authority for the proposition that a significantly protectable interest be both protectable under law and related to the claims at issue. Without directly citing any case, the district court concludes that Hoohuli's interest in limiting the receipt of land trust benefits to only native Hawaiians was separable from the interests asserted by Plaintiffs because it was not raised by any existing party.
 
 
 33
 The magistrate judge cites Portland Audubon as authority for requiring an interest that the laws at issue were intended to protect. The magistrate judge also cites Sierra Club for requiring a relationship between the interest and the claim at issue. Neither the district judge nor the magistrate judge discuss either case beyond the general rule. This citation by the magistrate judge to Portland Audubon is harmless, though, because the district court does not cite this rule or rely upon the magistrate judge's analysis.
 
 
 34
 Second, despite Sierra Club distinguishing Portland Audubon on the scope of a "protectable interest," it reaffirmed the requirement that some relationship exist between the legally protected interest and the claims at issue. The integrity of Sierra Club is not questioned. This Court recently discussed this two-step standard for a significantly protectable interest in Donnelly, 159 F.3d at 409 (citing Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir.1996)). This relationship requirement is dispositive of Hoohuli's dilution interest.
 
 
 35
 Hoohuli also relies on a First Circuit case granting intervention to black police officers to defend their promotions, as interests related to the action, against white officers alleging an impermissible promotion practice based on racial grounds. Cotter v. Mass. Ass'n of Minority Law Enforcement Officers, 219 F.3d 31 (1st Cir. 2000). While Cotter supports Hoohuli's claim that it has an interest in defending the continued receipt of benefits, it does nothing to support its interest in preventing dilution of its benefits due to unrelatedness.
 
 
 36
 We agree with the district court that Hoohuli has a significantly protectable interest against Plaintiffs' equal protection challenge in the continued receipt of benefits as native Hawaiians. We also agree that Hoohuli does not have a significantly protectable interest in its dilution claim to limit benefits to native Hawaiians. This claim is unrelated to Plaintiffs' equal protection challenge seeking to invalidate all benefits to Hawaiians and native Hawaiians. Hoohuli is not permitted to inject new, unrelated issues into the pending litigation. Sierra Club, 995 F.2d at 1484.
 
 3. Impairment of Interest
 
 37
 We agree with the district court's conclusion that a ruling in favor of Plaintiffs' equal protection challenge would impair Hoohuli's ability to protect its interest in the continued receipt of benefits as native Hawaiians. Hoohuli's interest in limiting the class of beneficiaries to native Hawaiians is not impaired by Plaintiffs' equal protection claim. We offer no comment on the merits of Hoohuli's own equal protection lawsuit challenging the provision of benefits to Hawaiians.
 
 4. Adequacy of Representation
 
 38
 This Court "follow[s] the guidance of Rule 24 advisory committee notes that state that `if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" Southwest Center, 268 F.3d at 822 (citation omitted). As noted above, Hoohuli's continued receipt of benefits will cease altogether should Plaintiffs prevail. Hoohuli would be justified in intervention to protect the continued receipt of benefits if it demonstrates that existing parties do not adequately protect its interest. Donnelly, 159 F.3d at 409. The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests "may be" inadequate. Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).
 
 
 39
 This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. California v. Tahoe Reg'l Planning Agency, 792 F.2d 775, 778 (9th Cir. 1986).
 
 
 40
 The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties. 7C Wright, Miller & Kane, § 1909, at 318 (1986). When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. League of United Latin Am. Citizens, 131 F.3d at 1305. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation. 7C Wright, Miller & Kane, § 1909, at 318-19.
 
 
 41
 There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents. City of Los Angeles, 288 F.3d at 401. In the absence of a "very compelling showing to the contrary," it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. 7C Wright, Miller & Kane, § 1909, at 332. Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention. City of Los Angeles, 288 F.3d at 402.
 
 
 42
 Hoohuli has not overcome the presumption that existing parties will adequately represent its interests. First, based on the record before this Court, present parties have demonstrated they are capable and willing to make all of Hoohuli's arguments. Hoohuli's chief objection is that existing parties will not raise as a defense that, absent discrimination by the United States, native Hawaiians should be entitled to tribal status. It claims the federal government racially discriminates against native Hawaiians through the Indian Reorganization Act, 25 U.S.C. § 479, and the Indian Self Determination Act, 25 U.S.C. § 450. These Acts allow native persons from Alaska and the continental United States to seek tribal status. Hawaii is excluded. Consequently, native Hawaiians are not presently granted tribal recognition by Congress.
 
 
 43
 Tribal recognition is significant because it allows a more deferential rational basis review of government benefit programs to persons of tribal ancestry under Morton v. Mancari. Due to the Supreme Court's recent ruling in Rice v. Cayetano, holding the classification "native Hawaiian" to be racial, the provision of benefits pursuant to this classification may be subject to the more demanding strict scrutiny review. We observe that in Rice, the Supreme Court did not address the merits of native Hawaiians' equal protection claim against the United States for the denial of tribal status, staying, in the words of the Court, "far off that difficult terrain." 528 U.S. at 519, 120 S.Ct. 1044. The Supreme Court likewise avoided addressing the constitutionality of the benefits and trust structure at issue today, limiting its opinion only to the voting restriction. Id. at 521-22, 120 S.Ct. 1044. The district court and eventually this Court may in the course of this litigation be required to venture onto this challenging terrain to resolve this difficult issue. The only question we must resolve, however, is whether existing defendants are capable and willing to make this argument should it be necessary.
 
 
 44
 We conclude that the State defendants will adequately represent Hoohuli's interest at trial. Counsel for the State and HHC/DHHL, and OHA have stated before this Court that it will make all arguments necessary to defend the benefits to native Hawaiians. Additionally, we are aware of no conflict that prevents the State and its agency defendants from raising this argument.
 
 
 45
 Second, Hoohuli fails to demonstrate it would offer any necessary elements to the proceeding that other parties would neglect. Hoohuli shares the same ultimate objective as the State and its agencies. The State and HHC/DHHL defendants are directed by section 4 of the Admission Act, and Article XII of the Hawaii Constitution to provide benefits to native Hawaiians. In such circumstances a presumption of adequacy of representation arises. League of United Latin Am. Citizens, 131 F.3d at 1305.
 
 
 46
 Finally, native Hawaiian homestead lessees, the SCHHA, have already successfully intervened as parties to the litigation. Counsel for SCHHA have stated that they are willing to speak with Hoohuli and raise some of its arguments. Not every native Hawaiian group could or should be entitled to intervene.
 
 
 47
 The presence of SCHHA as a similarly situated intervenor, combined with the State defendants' specific statutory and constitutional obligations to protect native Hawaiians' interests, distinguishes this case from those in which we have permitted intervention on the government's side in recognition that the intervenors' interests are narrower than that of the government and therefore may not be adequately represented. See, e.g., Southwest Ctr., 268 F.3d at 823 ("the City's range of considerations in development is broader than the profit-motives animating [intervening] developers"); Californians for Safe Dump Truck Transp. v. Mendonca, 152 F.3d 1184, 1190 (9th Cir.1998)(the intervenor's interest "were potentially more narrow and parochial than the interests of the public at large"); cf. Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 (9th Cir.1995)("The Forest Service is required to represent a broader view than the more narrow, parochial interests of the [state and local government intervenors]."). For these reasons, we hold that Hoohuli does not overcome its compelling burden to demonstrate that the State and its agencies do not adequately represent its interests.
 
 IV
 
 48
 The district court did not err in denying Hoohuli's Rule 24 motion to intervene as a matter of right. Hoohuli cannot intervene in Plaintiffs' breach of trust challenge to § 5(f) because this claim has been dismissed due to lack of standing. Hoohuli does have a significantly protectable interest at stake in Plaintiffs' equal protection challenge. Intervention is improper, however, because its interests are adequately represented by existing parties. The district court is AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 "Native Hawaiians" are those who are descendants of the races inhabiting the Hawaiian Islands prior to 1778 with at least 50% Hawaiian blood quantum. Haw.Rev.Stat. § 10-2
 
 
 [2]
 "Hawaiians" are those who are descendants of the races inhabiting the Hawaiian Islands prior to 1778 without reference to blood quantumId. This broader class includes the narrower class "native Hawaiians." Rice v. Cayetano, 528 U.S. 495, 499, 120 S.Ct. 1044, 145 L.Ed.2d 1007 (2000).
 
 
 [3]
 On appeal, Hoohuli does not challenge the denial of this request for permissive intervention. Therefore our review is limited to whether intervention as of right was appropriate pursuant to Rule 24(a)(2)