EARTH ISLAND INSTITUTE, a California non-profit corporation; The Humane Society of the United States, a Delaware non-profit corporation; The American Society for the Prevention of Cruelty to Animals, a New York non-profit corporation; Defenders of Wildlife, a District of Columbia non-profit corporation; Animal Fund, a California non-profit corporation; The Oceanic Society, a California non-profit corporation; International Wildlife Coalition, a Massachusetts non-profit corporation; Animal Welfare Institute, a Delaware non-profit corporation; The Society for Animal Protective Legislation, a District of Columbia non-profit corporation; Samuel F. Labudde, an individual, Plaintiffs—Appellees,

v.

Donald EVANS, Secretary of Commerce; William T. Hogarth, Assistant Administrator for the National Marine Fisheries Service, Defendants,

and

Camara Nacional De Las Industrias Pesquera Y Acuicola (Canainpesca); Asociacion Venezolana De Armadores Atuneros (Avatun), Defendant–Intervenors—Appellants.

No. 03–16128.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2005.

Decided May 26, 2005.

Joshua R. Floum, Esq., Andrew Webster–Main, Ariela St. Pierre, Shinyung Oh, Holme Roberts & Owen LLP, San Francisco, CA, for Plaintiffs–Appellees.

Jason T. Cohen, Esq., Maureen E. Rudolph, Esq., U.S. Department of Justice

Enviornmental & Natural Resources Div., Washington, DC, for Defendants.

Salle E. Yoo, Davis, Wright, Tremaine, San Francisco, CA, James R. Cannon, Dean A. Barclay, Williams Mullen, James P. Walsh, Esq., Washington, DC, for Defendant–Intervenors–Appellants.

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,* District Judge.

## MEMORANDUM **

Camara Nacional de las Industrias Pesquera y Acuicola ("CANAINPESCA") and Asociacion Venezolana de Armadores Atuneros ("AVATUN") (collectively, "the fishing associations"), associations of Mexican and Venezuelan tuna fishermen, respectively, appeal an interlocutory order denying their motion to intervene in a suit by Earth Island Institute challenging the final finding by the Secretary of Commerce under the Dolphin Protection Consumer Information Act ("DPCIA"), 16 U.S.C. § 1385, regarding the effects of purse seine net tuna fishing on dolphins.

The fishing associations seek intervention as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure, which requires that: (1) the application be timely; (2) the applicant have a significantly protectable interest relating to the transaction; (3) the applicant be situated such that the disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the interest

---

* Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not be adequately represented by the existing parties. *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir.1997). At issue in this appeal are the second and fourth requirements.

Even assuming the fishing associations have a legally protectable interest, which we need not decide, they fail to establish inadequacy of representation. Representation is adequate if (1) the interests of a present party are such that it will undoubtedly make all of the would-be intervenor's arguments; (2) that present party is capable of and willing to make such arguments; and (3) the would-be intervenor would not offer any necessary element to the case that the parties would neglect. *Southwest Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 822 (9th Cir.2001).

The fishing associations fail to meet their burden to show that the representation of their interests by the Secretary of Commerce, or the Inter–American Tropical Tuna Commission ("IATTC"),[1] both of whom seek to uphold the Secretary's finding, is inadequate. *See Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528–29 (9th Cir.1983). Neither the fishing associations' different motives to litigate, *see Oregon Envtl. Council v. Oregon Dep't of Envtl. Quality,* 775 F.Supp. 353, 359 (D.Or.1991), nor an anticipated difference in litigation strategy, *see Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir.2003), constitutes an otherwise-neglected "necessary element." Accordingly, the district court properly denied the motion to intervene.[2]

AFFIRMED.

---

1. CANAINPESCA and AVATUN are both members of the IATTC, which is already participating as an amicus.

2. Moreover, the district court properly exercised jurisdiction over this case. While the Court of International Trade has exclusive jurisdiction over any civil action against the United States arising out of a law providing for embargoes, 28 U.S.C. § 1581(i)(3), the DPCIA relates to labeling, not an embargo. There is a related statute that provides for an embargo against tuna harvested through methods harmful to dolphins, but that statute, the International Dolphin Conservation Program Act, 16 U.S.C. § 1371, is not contingent upon the definition of "dolphin safe" provided by the DPCIA, nor the Secretary's final finding, contested here.