**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EXECUTIVE RISK SPECIALTY
INSURANCE COMPANY, a Connecticut
corporation,

Plaintiff - Appellee,

v.

RUTTER HOBBS AND DAVIDOFF,
INC., a California corporation; et al.,

Defendants - Appellees.,

V.

J. P. HYAN,

Intervenor - Appellant.

No. 12-56862

D.C. No. 2:11-cv-04828-GAF-
FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 14, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

"We review the denial of a motion to intervene as of right de novo." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011).[1] However, factual findings made by the district court (in resolving the motion) are reviewed for clear error. *See Ritter v. Morton*, 513 F.2d 942, 949 (9th Cir. 1975) (per curiam) (articulating general standard under Fed. R. Civ. P. 52(a)); *accord Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1322 (D.C. Cir. 2013) (reviewing district court's factual findings respecting motion to intervene as of right for clear error); *Woolen v. Surtran Taxicabs, Inc.*, 684 F.2d 324, 334 (5th Cir. 1982) (same). On the other hand, "[p]ermissive intervention is committed to the broad discretion of the district court and is therefore reviewed by this court for abuse of discretion." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Finally, in reviewing a district court's order denying a motion to intervene, "we look at the procedural posture of the case as it existed on that date." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 n.2 (9th Cir. 1997).

## I.

Of the four requirements to grant intervention as of right, Fed. R. Civ. P. 24(a), the parties only dispute whether "the existing part[y] may not adequately

---

[1] Whether a motion to intervene was timely filed is reviewed for abuse of discretion. *Citizens for Balanced Use*, 647 F.3d at 896. Here, the district court concluded that the motion was timely; no party challenges that holding on appeal.

represent the applicant's interest." *Citizens for Balanced Use*, 647 F.3d at 897

(internal quotation marks omitted). Adequacy of representation is determined by

considering whether (1) "the interest of a present party is such that it will

undoubtedly make all of a proposed intervenor's arguments;" (2) "the present party

is capable and willing to make such arguments; and" (3) "a proposed intervenor

would [not] offer any necessary elements to the proceeding that other parties would

neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Further,

"[w]hen an applicant for intervention and an existing party have the same ultimate

objective, a presumption of adequacy of representation arises," and "a compelling

showing should be required to demonstrate inadequate representation." *Id.*

The district court concluded that Rutter Hobbs & Davidoff ("RHD")

"adequately protected" Hyan's interests. Specifically, it found that

> RHD and Hyan share the same ultimate objective: first, to satisfy
> Hyan's judgment as fully and expediently as possible, and second, to
> satisfy that judgment from the same source of funds—the ERSIC
> insurance proceeds. The Settlement Agreement by its very terms
> obligates RHD to "use its best efforts to obtain the ERSIC Payment"
> on Hyan's behalf. That RHD is capable and willing to make Hyan's
> arguments is demonstrated by the fact that the arguments asserted in
> the present overlap in nearly every respect. Indeed, Hyan has not
> described what "necessary elements" he would bring to these
> proceeding[s] that RHD would neglect.

-3-

These factual findings created a presumption of adequacy, which Hyan failed to rebut. Contemporaneous with Hyan's motion to intervene, RHD moved to disperse the interpleaded funds to Hyan. Their motions included arguments before the district court that "overlap[ped] in nearly every respect," answering the *Arakaki* factors in favor of denying intervention. Not only was RHD capable and willing to make Hyan's arguments, but RHD "undoubtedly" did make all of Hyan's arguments. The district court also found that Hyan would not add any "necessary elements" to the proceeding. Hyan has failed to rebut these findings, which are not clearly erroneous. Therefore, RHD did adequately represent Hyan when he moved to intervene, and Hyan failed to meet all four requirements necessary to intervene as of right.[2]

To overcome this conclusion, Hyan requests that we consider events following the district court's denial of its motion to intervene. However, we must consider the motion to intervene under "the procedural posture of the case as it existed" on the date the district court considered the motion. *League of United*

---

[2]Although the dissent articulates a plausible alternative view of the settlement agreement, it is no more plausible than the district court's view. As a result, the district court's view "cannot be clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

*Latin Am. Citizens*, 131 F.3d at 1303 n.2.[3] If there has been a change of circumstances, Hyan may bring his motion to intervene again. However, this court should not consider those circumstances before giving the district court the opportunity to do so.

## II.

The Federal Rules of Civil Procedure vest discretion in a district court to permit intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The court must also have "an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). However, even if these requirements are met, "the district court has discretion to deny permissive intervention." *Id.*

The district court did not abuse its discretion in denying Hyan's motion to intervene under Rule 24(b)(1)(B), because, as concluded by the district court, Hyan's "participation [would] not contribute to the development of the underlying factual issues or the equitable adjudication of the legal issues involved"; "Hyan's

---

[3]The dissent's citation to *United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996), is unpersuasive. *See* dissent op. at 2. The purported intervenor in *Washington* sought, for the first time on appeal, "limited intervention" to appeal. *Id.* at 1505. This new attempt at intervention put the purported intervenor's conduct following the district court's decision at issue. Such is not the case here.

intervention would [only] add . . . emphasis to the position taken by RHD"; and

"Hyan's interests are adequately protected by RHD." These reasons suffice. *See, e.g.*, *Dep't of Fair Emp't & Hous. v. Lucent Techs. Inc.*, 642 F.3d 728, 742 (9th Cir. 2011) (permitting a district court to preclude intervention on issues where intervenor-in-part was adequately represented by another party); *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011) (per curiam) (finding no abuse of discretion where district court denied permissive intervention because purported intervenors had no new arguments or evidence to contribute); *Donnelly*, 159 F.3d at 412 (upholding denial of permissive intervention where "allowing intervention would only serve to undermine the efficiency of the litigation process" (internal quotation marks omitted)).[4]

**AFFIRMED.**

---

[4]Hyan also argued below and now argues on appeal (primarily in his Reply Brief) that Federal Rule of Civil Procedure 19 also necessitates his intervention. However, no party has sought Hyan's joinder under Rule 19, and the district court has made no decision under Rule 19. As a result, we do not consider Hyan's arguments citing Rule 19. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

*Executive Risk Specialty Insurance Co. v. Hyan*, No. 12-56862

WATFORD, Circuit Judge, dissenting:

In my view, the district court erred in concluding that J. P. Hyan and Rutter Hobbs and Davidoff ("RHD") share the same ultimate objective as a result of their settlement agreement. It's true that both RHD and Hyan want the interpleaded funds paid to Hyan, but their interests are not identical. Under the settlement agreement, RHD is obligated to use its "best efforts" to secure payment of the funds to Hyan, but if those efforts prove unsuccessful, RHD will not have to pay Hyan any portion of the $5 million at issue. RHD has no direct claim of its own to the $5 million res, but Hyan does. If the $5 million res is depleted by the competing claims of Hummer and Peterson, only Hyan will be injured, not RHD. Thus, RHD and Hyan do not share the same ultimate objective—RHD's interest is limited to complying with its obligations under the settlement agreement, while Hyan's ultimate interest is actual receipt of the res. Under these circumstances, I would hold that the district court erred by applying a presumption of adequate representation and requiring Hyan to make a compelling showing that RHD's representation was inadequate.

Since there's no dispute that Hyan meets the other requirements of Rule 24(a)(2), absent the presumption of adequate representation, Hyan is entitled to intervene if he can show that RHD's representation of his interests "may be"

inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). I would hold that Hyan has made this "minimal" showing here. *Id.* Adequate representation requires, among other things, that the representative "will undoubtedly make all of a proposed intervenor's arguments," and that the representative is "capable and willing to make such arguments." *Id.* The divergence between RHD's and Hyan's interests created by the settlement agreement raises the potential that RHD may not make all of Hyan's arguments.

Events following the district court's ruling on Hyan's intervention motion confirm this to be the case. (Even though these events occurred after the district court's ruling, they are the proper subject of judicial notice and are relevant to our *de novo* assessment of Hyan's right to intervene. *See United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996) (considering effect of appeal taken after district court's ruling on motion to intervene); 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5106.4, at 244–45 (2d ed. 2005).) The district court granted a stay of the interpleader action pending the outcome of state-court litigation against Hummer and Peterson stemming from their work at RHD. This ruling may result in the depletion of the $5 million res before the parties' competing claims to the funds are resolved in the interpleader action. Despite this clear potential for impairment of Hyan's interest in the res, RHD did

not appeal the ruling. Hyan contends that, had he been a party to the interpleader action, he would have sought appellate review of the district court's ruling granting the stay.

Because intervention is justified when the representative party doesn't make all of a proposed intervenor's arguments, it follows that failure to appeal a ruling adverse to the would-be intervenor's interest may constitute inadequate representation. *See Pellegrino v. Nesbit*, 203 F.2d 463, 468 (9th Cir. 1953) (shareholder entitled to intervene in securities action against directors after corporation decided not to appeal); *see also Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990); 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909, at 438–39 (3d ed. 2007). In *Spangler v. Pasadena City Bd. of Ed.*, 427 F.2d 1352 (9th Cir. 1970), we held that failure to appeal did not amount to inadequate representation, but in that case the decision not to appeal was made by an elected school board representing the proposed intervenor. *Id.* at 1354. Because RHD's failure to appeal the district court's order staying the case demonstrated that RHD was not, in fact, capable and willing to make all of Hyan's arguments, I believe its representation was inadequate.