WATFORD, Circuit Judge,
dissenting:
In my view, the district court erred in concluding that J.P. Hyan and Rutter Hobbs and Davidoff (“RHD”) share the same ultimate objective as a result of their settlement agreement. It’s true that both RHD and Hyan want the interpleaded funds paid to Hyan, but their interests are not identical. Under the settlement agreement, RHD is obligated to use its “best efforts” to secure payment of the funds to Hyan, but if those efforts prove unsuccessful, RHD will not have to pay Hyan any portion of the $5 million at issue. RHD has no direct claim of its own to the $5 million res, but Hyan does. If the $5 million res is depleted by the competing claims of Hummer and Peterson, only Hyan will be injured, not RHD. Thus, RHD and Hyan do not share the same ultimate objective — RHD’s interest is limited to complying with its obligations under the settlement agreement, while Hyan’s ultimate interest is actual receipt of the res. Under these circumstances, I would hold that the district court erred by applying a presumption of adequate representation and requiring Hyan to make a compelling showing that RHD’s representation was inadequate.
Since there’s no dispute that Hyan meets the other requirements of Rule 24(a)(2), absent the presumption of adequate representation, Hyan is entitled to intervene if he can show that RHD’s representation of his interests “may be” inadequate. Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir.2003). I would hold that Hyan has made this “minimal” showing here. Id. Adequate representation requires, among other things, that the representative “will undoubtedly make all of a proposed intervenor’s arguments,” and that the representative is “capable and willing to make such arguments.” Id. The divergence between RHD’s and Hyan’s interests created by the settlement agreement raises the potential that RHD may not make all of Hyan’s arguments.
Events following the district court’s ruling on Hyan’s intervention motion confirm this to be the case. (Even though these events occurred after the district court’s ruling, they are the proper subject of judicial notice and are relevant to our de novo assessment of Hyan’s right to intervene. See United States v. Washington, 86 F.3d 1499, 1505 (9th Cir.1996) (considering effect of appeal taken after district court’s ruling on motion to intervene); 21B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5106.4, at 244-45 (2d ed.2005).) The district court granted a stay of the inter-pleader action pending the outcome of state-court litigation against Hummer and Peterson stemming from their work at RHD. This ruling may result in the depletion of the $5 million res before the par *891 ties’ competing claims to the funds are resolved in the interpleader action. Despite this clear potential for impairment of Hyan’s interest in the res, RHD did not appeal the ruling. Hyan contends that, had he been a party to the interpleader action, he would have sought appellate review of the district court’s ruling granting the stay.
Because intervention is justified when the representative party doesn’t make all of a proposed intervenor’s arguments, it follows that failure to appeal a ruling adverse to the would-be intervenor’s interest may constitute inadequate representation. See Pellegrino v. Nesbit, 203 F.2d 463, 468 (9th Cir.1953) (shareholder entitled to intervene in securities action against directors after corporation decided not to appeal); see also Americans United for Separation of Church and State v. City of Grand Rapids, 922 F.2d 303, 306 (6th Cir.1990); 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1909, at 438-39 (3d ed.2007). In Spangler v. Pasadena City Bd. of Ed., 427 F.2d 1352 (9th Cir.1970), we held that failure to appeal did not amount to inadequate representation, but in that case the decision not to appeal was made by an elected school board representing the proposed intervenor. Id. at 1354. Because RHD’s failure to appeal the district court’s order staying the case demonstrated that RHD was not, in fact, capable and willing to make all of Hyan’s arguments, I believe its representation was inadequate.