FILED

JUL 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DON HIGGINSON,

        Plaintiff-Appellant,

 v.

XAVIER BECERRA, in his official
capacity as Attorney General of California;
CITY OF POWAY,

        Defendants-Appellees.

No. 18-55455

D.C. No.
3:17-cv-02032-WQH-JLB
Southern District of California,
San Diego

ORDER

DON HIGGINSON,

        Plaintiff-Appellee,

 v.

XAVIER BECERRA, in his official
capacity as Attorney General of California;
CITY OF POWAY,

        Defendants,

  v.

CALIFORNIA LEAGUE OF UNITED
LATIN AMERICAN CITIZENS;
JACQUELINE CONTRERAS; XAVIER
FLORES; JUDY KI; HIRAM SOTO,
Proposed Defendant-Intervenors,

        Movants-Appellants.

No. 18-55506

D.C. No.
3:17-cv-02032-WQH-JLB

Before:  GRABER  and M. SMITH, Circuit Judges, and HELLERSTEIN,[*] District Judge.

Movants-Appellants' petition for panel rehearing filed in case No. 18-55506 is GRANTED in part.  The memorandum disposition filed June 14, 2018, is amended by the memorandum disposition filed concurrently with this order, as follows:

On page 3, at the end of paragraph 1, insert the following:

See, e.g., Branch v. Smith, 538 U.S. 254 (2003) (considering on the merits a challenge to a redistricting plan by individual voters in the affected geographic area).  We, of course, express no view on the merits of any of Plaintiff's theories.  See Ariz. State Legislature v. Ariz. Independent Redistricting Comm'n, 135 S. Ct. 2652, 2663 (2015) (holding that the state legislature had standing to challenge redistricting and cautioning that courts must not conflate the potential weakness of a claim on the merits with an absence of Article III standing).

With this amendment, Judges Graber and M. Smith have voted to deny Movants-Appellants' petition for rehearing en banc, and Judge Hellerstein has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

---

[*] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

2

Movants-Appellants' petition for rehearing en banc is DENIED.

Movants-Appellants' "Motion for Designation as Party-Respondents" in case No. 18-55455 is DENIED and "Motion to Recall the Mandate" in case No. 18-55455 is GRANTED only for the limited purpose of filing this order to amend the memorandum disposition filed June 14, 2018.

No further petitions for panel rehearing or for rehearing en banc may be filed. The mandates in these cases shall issue forthwith.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON HIGGINSON, | No. 18-55455 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:17-cv-02032-WQH-JLB |
| XAVIER BECERRA, in his official capacity as Attorney General of California; CITY OF POWAY, | AMENDED MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| DON HIGGINSON, | No. 18-55506 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:17-cv-02032-WQH-JLB |
| XAVIER BECERRA, in his official capacity as Attorney General of California; CITY OF POWAY, | |
| Defendants, | |
| v. | |
| CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS; | |

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JACQUELINE CONTRERAS; XAVIER FLORES; JUDY KI; HIRAM SOTO, Proposed Defendant-Intervenors,

Movants-Appellants.

Appeals from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 7, 2018
Portland, Oregon

Before: GRABER and M. SMITH, Circuit Judges, and HELLERSTEIN,[**] District Judge.

Plaintiff Don Higginson timely appeals the district court's dismissal of this action for lack of subject matter jurisdiction. The district court ruled that Plaintiff does not have standing to sue either the Attorney General of California, Xavier Becerra, or the City of Poway ("the City") for allegedly violating his rights under the Equal Protection Clause when the City adopted the by-district election scheme of Map 133 to avoid litigation under the California Voting Rights Act ("CVRA"). Reviewing de novo, <u>Arakaki v. Lingle</u>, 477 F.3d 1048, 1056 (9th Cir. 2007), we reverse and remand.

---

[**] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

1.  We reverse the dismissal of the City.  Plaintiff has standing to sue the City to challenge its adoption of Map 133.  See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81 (2000) (laying out the requirements of Article III standing).  Plaintiff has adequately alleged that he resides in a racially gerrymandered district and that the City's adoption of Map 133 reduced the number of candidates for whom he can vote.  This alleged injury is concrete and particularized, directly traceable to the City's adoption of Map 133, and potentially redressable by an injunction requiring the City to return to its former system of at-large elections.  Accordingly, Plaintiff can bring this as-applied challenge to the City's actions, including his argument that the City violated his rights because the CVRA, with which the City sought to comply, is unconstitutional under the Equal Protection Clause.  See, e.g., Branch v. Smith, 538 U.S. 254 (2003) (considering on the merits a challenge to a redistricting plan by individual voters in the affected geographic area).  We, of course, express no view on the merits of any of Plaintiff's theories.  See Ariz. State Legislature v. Ariz. Independent Redistricting Comm'n, 135 S. Ct. 2652, 2663 (2015) (holding that the state legislature had standing to challenge redistricting and cautioning that courts must not conflate the potential weakness of a claim on the merits with an absence of Article III standing).

2.  We also reverse the dismissal of the Attorney General.  On remand, the Attorney General will remain a defendant unless, at his request, the district court redesignates him as an intervenor.

3.  Our holdings above render Proposed Intervenors' motion to participate in the litigation not moot.  We now grant that motion on the merits.  See United States v. Sprint Commc'ns, Inc., 855 F.3d 985, 995 (9th Cir. 2017) (concluding, first, that the motion to intervene was not moot and then deciding the motion on the merits). We review de novo the district court's decision regarding intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2), and we construe that rule liberally.  Arakaki v. Cayetano, 324 F.3d 1078, 1082–83 (9th Cir. 2003).  We conclude that Proposed Intervenors meet all four requirements for intervention as of right.

**REVERSED and REMANDED** for further proceedings consistent with this disposition.