NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RISCHELE FORTHOFFER, | No. 19-35083 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00235-TMB |
| v. | |
| SHANNON R. FORE; TRINA M. HOLT, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| BRITTANY DUNLOP, | |
| Defendant, | |
| v. | |
| DAVID FORTHOFFER, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted May 4, 2020**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     SCHROEDER, CANBY, and TROTT, Circuit Judges.

Rischele Forthoffer appeals pro se from the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of her 42 U.S.C. § 1983 action alleging a violation of her Fourth Amendment rights by Defendants Shannon Fore and Trina Holt.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the dismissal of her complaint and denial of her husband, David Forthoffer's, motion to intervene under Federal Rule of Civil Procedure 24(a)(2).  *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc); *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005).  We review denial of Plaintiff's motion for leave to amend for abuse of discretion.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  We affirm and remand with instructions.

The district court properly dismissed Plaintiff's § 1983 claims for monetary damages because they "necessarily imply the invalidity of [her prior] conviction" for attempted sexual abuse of a minor and are therefore barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Plaintiff's allegations against both Defendants are not "distinct temporally or spatially from the factual basis for [her] conviction".  *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012).

---

[1] Plaintiff does not appeal the dismissal of her claims against Brittany Dunlop.

Plaintiff's second motion for leave to amend was futile and properly denied. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (amendment futile where "plaintiffs could not state cognizable damages claims consistent with *Heck*"). Denial was also proper as to David Forthoffer's motion to intervene. This Circuit has not recognized loss of consortium as a standalone cause of action under federal law. *Getz v. Boeing Co.*, 654 F.3d 852, 859 (9th Cir. 2011) ("loss of consortium do[es] not arise under federal law"); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (where Plaintiff's case is no longer proceeding on a particular claim, "intervention is inappropriate as a matter of right").

Dismissal should be without prejudice, however, so that Plaintiff can "reassert [her] claims if [s]he ever succeeds in invalidating [her] conviction." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). We therefore remand with instructions to the district court to enter judgment without prejudice as to Plaintiff's claims against Defendant Fore.

**AFFIRMED; REMANDED with instructions.**

19-35083