NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOS ANGELES SMSA LIMITED PARTNERSHIP, DBA Verizon Wireless, a California limited partnership, | No. 19-56011 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-04954-JAK-SK |
| v. | |
| CITY OF LOS ANGELES, California, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| v. | |
| REYNIER VILLAGE NEIGHBORHOOD ASSOCIATION, Proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,[***] District Judge.

Reynier Village Neighborhood Association ("Reynier") appeals the district court's order denying its motion for intervention as of right and for permissive intervention under Federal Rule of Civil Procedure 24. We have jurisdiction to review the denial of Reynier's motion to intervene as of right under 28 U.S.C. § 1291, and we affirm. We lack jurisdiction to review the denial of Reynier's request for permissive intervention, and we dismiss that portion of the appeal.

1. Reviewing de novo, *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011), we hold that the district court did not err in denying Reynier's motion for intervention as of right. Reynier does have "significantly protectable" interests relating to the South Los Angeles Area Planning Commission's 2018 decision denying Los Angeles SMSA Limited Partnership's d/b/a Verizon Wireless's ("Verizon") permit application (the "2018 Decision"), and we agree that the disposition of this suit may, as a practical matter, impair its ability to protect those interests. However, the City of Los Angeles (the "City") adequately represents Reynier's interests. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001); Fed. R. Civ. P. 24(a)(2).

---

[***] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

When evaluating adequacy of representation, we consider: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "The most important factor in determining the adequacy of representation is how the [proposed intervenor's] interest compares with the interests of existing parties." *Id.*

Here, Reynier and the City share the "same ultimate objective" of defending the 2018 Decision. *Id.*; *see, e.g.*, *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997) (holding that a public interest organization's "ultimate objective" in a suit challenging the constitutionality of a ballot proposition was "identical" to the state defendants' interest in "ensur[ing] that [the proposition] is upheld as constitutional on the merits"). The fact that the City attempted to resolve Verizon's challenge to an earlier decision by the South Los Angeles Area Planning Commission does not negate its present interest in defending the 2018 Decision. That the City possesses this objective is borne out by its opposition to Verizon's motion for partial summary judgment and its filing of a cross-motion for summary judgment. The City is therefore presumed to

adequately represent Reynier's interests.[1]

Reynier has failed to make a "compelling showing" of inadequacy to overcome this presumption. *Arakaki*, 324 F.3d at 1086. With respect to the 2018 Decision, the City has never taken a position that is adverse to Reynier's. Accordingly, nothing in the record suggests that the City will fail to mount as vigorous a defense to the 2018 Decision as Reynier would. *Contra Citizens for Balanced Use*, 647 F.3d at 900 (concluding that a government defendant might "not put forth as strong of an argument in defense of" an order it issued because it "earlier opposed [the proposed intervenors] in their efforts to secure" that order). Reynier's desire to defend the 2018 Decision on grounds other than the ones the City relied on at the summary-judgment stage is also insufficient to overcome the presumption. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) (observing that adequacy of representation does not turn on whether an existing party will litigate a case "in the exact manner" that a proposed intervenor would).

2. The district court did not abuse its discretion in denying Reynier's request for permissive intervention. *See Citizens for Balanced Use*, 647 F.3d at 896. Where, as here, a putative intervenor satisfies the Federal Rule of Civil

---

[1] The City is also presumed to adequately represent Reynier's interests because it is "acting on behalf of a constituency that it represents" in defending the 2018 Decision. *Arakaki*, 324 F.3d at 1086.

4

Procedure 24(b) requirements for permissive intervention, a court "may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'" *Perry*, 587 F.3d at 955 (quoting *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977)). In denying Reynier's request, the district court appropriately relied on its adequacy finding and reasonably determined that Reynier's participation as a party in this suit is likely to delay proceedings. We therefore dismiss, for lack of jurisdiction, Reynier's appeal of the denial of its request for permissive intervention. *See id.* at 956.

**AFFIRMED IN PART AND DISMISSED IN PART.**