NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STATE OF HAWAII, by its Office of Consumer Protection, Plaintiff-Appellee, v. ROBERT L. STONE II, Esquire, DBA Gah Law Group, LLC, Defendant, v. CHESTER NOEL ABING; et al., Movants-Appellants. | No. 20-15828 D.C. No. 1:19-cv-00272-DKW-RT MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Chester Noel Abing, Susan Kay Broer-DeShaw, and Dennis Duane DeShaw appeal pro se from the district court's order denying their motions to intervene under Federal Rule of Civil Procedure 24 in this action filed by The State of Hawaii's Office of Consumer Protection against disbarred attorney defendant Robert L. Stone II. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of intervention as of right under Fed. R. Civ. P. 24(a) and for an abuse of discretion the denial of permissive intervention under Fed. R. Civ. P. 24(b). *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950, 955 (9th Cir. 2009). We affirm.

The district court properly denied appellants' motions to intervene as of right under Rule 24(a) because appellants failed to identify a significant protectable interest that could be impaired by this action and defendant Stone adequately represented their interests. *See Perry*, 587 F.3d at 950 (requirements for a party to intervene as of right under Rule 24(a)); *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises.").

For the same reasons, the district court did not abuse its discretion by denying appellants' requests to intervene permissibly under Rule 24(b). *See Perry*, 587 F.3d at 955 (requirements for a party to intervene permissibly under Rule 24(b)); *see id.* (in addition to the requirements in Rule 24(b), "the court may also

consider other factors in the exercise of its discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties" (citation and internal quotation marks omitted)).

Appellants' motion to stay the district court proceedings (Docket Entry No. 32) is denied as moot.

**AFFIRMED.**